IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-600-BO

| | |
|---|---|
| ROBERT DAMION SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>*Acting Commissioner of Social Security*,[1] )<br>)<br>Defendant. ) | O R D E R |

This cause comes before the Court on plaintiff and defendant's motions for judgement on the pleadings [DE 16, 19]. A hearing was held on these matters before the undersigned on February 17, 2022 in Raleigh, North Carolina.[2] For the reasons that follow, plaintiff's motion for judgement on the pleadings is DENIED and defendant's motion is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security. On January 10, 2019, plaintiff protectively filed an application for disability insurance benefits pursuant to Title II of the Social Security Act. Plaintiff alleged disability beginning on January 15, 2018. After initial denials, plaintiff had a hearing before an Administrative Law Judge ("ALJ"), after which the ALJ issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the decision in this Court. Plaintiff was 42 years old at the alleged date of onset.

---

[1] Kijakazi has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).
[2] Counsel appeared via videoconference.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

Case 5:20-cv-00600-BO   Document 25   Filed 02/28/22   Page 2 of 4

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity. At step two, the ALJ found that plaintiff had the following severe impairments: dysfunction of major joints, osteoarthritis, asthma, and hypertension. At step three, the ALJ found that none of these impairments met a disability Listing. The ALJ found that plaintiff could perform a reduced range of light work. Limitations included:

> A sit/stand option where he can change positions every 45 to 60 minutes; occasionally push/pull with the right lower extremity; occasionally climb, balance, stoop, kneel, crouch, and crawl; avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation; avoid hazards such as dangerous machinery and unprotected heights.

Transcript 19. At step four, the ALJ found that plaintiff could not perform his past relevant work. At step five, the ALJ found there were jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ found that plaintiff was not disabled within the meaning of the Act.

Plaintiff argues that the ALJ erred in finding that plaintiff had the physical and mental capacity to perform light work. However, the Court finds that plaintiff's RFC was supported by substantial evidence. Plaintiff's physical limitations, specifically his knee problems, are

adequately accommodated by plaintiff's RFC. Although plaintiff did have traumatic injury to his knee, treatment was successful in allowing plaintiff normal range of motion and stability. Plaintiff's gate is antalgic on the right, but he uses no assistive device. His RFC accommodates this condition by limiting how much plaintiff uses his right leg, and he has the option to change positions every 45 to 60 minutes. The Court does not find plaintiff's arguments about the deficient accommodations made for his depression and anxiety persuasive. The medical record does not support a finding that plaintiff's depression or anxiety symptoms constitute a severe impairment. The ALJ did not err in weighing plaintiff's self-reported severity and intensity of mental symptoms against the notes from medical staff. Accordingly, the Commissioner's decision should be affirmed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision is supported by substantial evidence and the correct law was applied. The decision of the Commissioner is therefore AFFIRMED. Plaintiff's motion for summary judgment [DE 16] is DENIED and defendant's motion for judgment on the pleadings [DE 19] is GRANTED.

SO ORDERED, this 27 day of February, 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4